UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) RICHARD LUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>(1) CALDWELL TRANSPORT COMPANY, LLC,<br>(2) TRAVIS ROBBINS,<br>(3) DAVID BEMIS<br><br>    Defendants | Civil Action No. CIV-17-934-W |

**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

**I. INTRODUCTION.**

1. Plaintiff Richard Luckett files this Complaint under the Federal Fair Labor Standards Act, U.S.C. § 201, et seq. (FLSA"), asserting that he and all others who performed luggage delivery services for Defendants Caldwell Transport Company, LLC, Travis Robbins, and David Bemis were deprived of overtime and minimum wage in violation of federal law.  Although Plaintiff and other drivers were classified as independent contractors, Defendants were in fact their employer under the economic realities test of the FLSA.

**II. PARTIES.**

2. Plaintiff Richard Luckett is an adult resident of Austin, Texas and worked for Defendants Caldwell Transport as a delivery driver from approximately June 2015

1

until August 2015 in New Mexico.

3. Defendant Caldwell Transport Company, LLC is, on information and belief, an Oklahoma corporation, with a headquarters in Oklahoma City, Oklahoma. Defendants perform substantial business within the states of New Mexico, Oklahoma, and other states throughout the United States.

4. Defendant Travis Robbins is an owner and officer of Caldwell Transport Company, LLC.

5. Defendant David Bemis is an owner and officer of Caldwell Transport Company, LLC.

6. On information and belief, Defendants Robbins and Bemis had authority to, and did make, decisions concerning the pay practices of Caldwell Transport Company, LLC, and they are individually liable under 29 U.S.C. § 203(d).

### III. JURISDICTION AND VENUE.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

8. Venue is proper in this District by agreement of the Parties and Stipulated Order of an Arbitrator previously overseeing this proceeding, and because one or more Defendants is a resident of this judicial District.

### IV. STATEMENT OF FACTS AND COLLECTIVE ACTION ALLEGATIONS

9. From approximately June 2015 through August 2015, Plaintiff worked as a

delivery driver for Caldwell Transport Company, LLC in the Albuquerque, New Mexico area. Caldwell's core business is performing deliveries of lost or delayed luggage on behalf of airlines operating out of various airports throughout the country.

10. Plaintiff has consented in writing to be a part of this action pursuant to 216(b). Plaintiff's signed consent form is attached as Exhibit 1. As the case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs

11. In order to perform these luggage delivery services, Caldwell utilizes dozens of drivers whom Caldwell classifies as "independent contractors," even though they are actually Caldwell's employees for purposes of the FLSA because Caldwell retained the right and did actually control the manner in which Plaintiff performed his work.

12. In order to begin work for Caldwell, Plaintiff and others similarly situated were required to undergo various background checks, and to purchase various pieces of equipment and insurances as specific by Caldwell.

13. According to the Driver Contract executed by Plaintiff and other Caldwell drivers, Plaintiff was not permitted to perform luggage delivery services for any other company at any time.

14. Caldwell required Plaintiff, and others similarly situated, to comply with its instructions, procedures, and policies with respect to the manner in which he/she performed his/her delivery services for Caldwell.

15. For example, Caldwell required Plaintiff and other drivers to wear badges

and uniforms, and unilaterally determined the time windows for each type of delivery completed, as well as the amount that Plaintiff and other drivers was to receive for each delivery.

16.   Caldwell assigned all deliveries directly to the Plaintiff and other drivers, and drivers were not permitted to refuse any assignment.

17.   Caldwell required Plaintiff and other drivers to document their deliveries according to its specifications.

18.   Plaintiff, and others similarly situated, could not negotiate with customers regarding the services that he/she provided or their payment for these services. Exclusively Caldwell handled these terms.

19.   Caldwell required Plaintiff and other drivers to work specific schedules, and to be on-call at times designated by Caldwell, and to perform sweeps for packages at designated times and locations throughout the airport.

20.   If Plaintiff or other drivers failed to comply with any of its requirements, Caldwell retained the right to penalize them or to terminate their employment.

21.   Plaintiff and other delivery drivers were required to pay for their own vehicles, gas, insurance, vehicle maintenance, GPS, uniforms, and badges.

22.   Plaintiffs and other drivers were paid a piece rate for each delivery performed, which rate was established by Caldwell.

23.   There have been many weeks when Plaintiff, and others similarly situated, were paid less than the federal minimum wage due to the substantial business expenses

he/she was required to bear on Caldwell's behalf.

24. Virtually every week that Plaintiff, and others similarly situated, worked, he/she worked more than forty hours. On average, he worked between forty and sixty hours per week, and was required to be on-call for several hours per week.

25. The work of Plaintiff, and others similarly situated, does not require a great degree of particularized skill.

26. Plaintiff, and others similarly situated, did not make significant investment in equipment or materials in order to perform his work.

27. Plaintiff, and others similarly situated, had no opportunity for profit or loss depending on his managerial skill, as he was not allowed to negotiate the rates for his services, make is own schedules, or turn down job assignments.

28. Caldwell retained the right to extensive control over the manner in which Plaintiff, and others similarly situated, performed his work.

29. The services of Plaintiff, and others similarly situated, were integral to Caldwell's business, as Caldwell is in the business of transporting and delivering delayed or lost luggage to airline passengers, and Plaintiff and other similarly situated drivers performed these deliveries.

**V.  COLLECTIVE ACTION ALLEGATIONS.**

30. Plaintiff brings this action on his own behalf and on behalf of a group of similarly situated drivers across the United States pursuant to 29 U.S.C. § 216(b).

31. There is a group of dozens of similarly situated drivers who performed the

same services as Plaintiff for Caldwell, who executed the same or substantially similar Driver Contract with Caldwell, who were similarly misclassified as independent contractors, and who were denied payment of overtime and minimum wage in violation of the FLSA, all of whom are entitled to Notice of this action.

## COUNT I
## FAIR LABOR STANDARDS ACT – OVERTIME

32. Plaintiff repeats each and every preceding allegation as if set forth herein.

33. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 207, for its failure to pay Plaintiff, and others similarly situated, an overtime rate for all hours worked in excess of forty (40) per workweek.

34. Defendants are an "employer" for purposes of the FLSA, 29 U.S.C. § 203(s), because it has annual gross sales or business of at least $500,000 and has employees engaged in interstate commerce.

35. Plaintiff, and others similarly situated, asserts that under the economic realities test of the FLSA, he/she were improperly classified as an independent contractor rather than an employee, because Caldwell exercised sufficient control over his/her day-to-day activities and economic circumstances to make Caldwell the statutory employee under the FLSA. Plaintiff, and others similarly situated, is therefore a covered employee under the FLSA.

36. Plaintiff, and others similarly situated, regularly worked well more than forty hours per week, and Caldwell failed to pay him/her at an overtime rate.

37. Caldwell's violation of the overtime requirements of the FLSA were

willful, since the company's conduct shows that it either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

38. Defendants Robbins and Bemis had authority to, and did make, decisions concerning the pay practices of Caldwell Transport Company, LLC, and they are individually liable under 29 U.S.C. § 203(d).

## COUNT II
## FAIR LABOR STANDARDS ACT – MINIMUM WAGE

39. Plaintiff repeats each and every preceding allegation as if fully set forth herein.

40. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 206,

41. Defendants are an "employer" for purposes of the FLSA, 29 U.S.C. § 203(s), because it has annual gross sales or business of at least $500,000 and has employees engaged in interstate commerce.

42. Plaintiff, and others similarly situated, asserts that under the economic realities test of the FLSA, he/she was improperly classified as an independent contractor rather than an employee, because Caldwell exercised sufficient control over his/her day to day activities and economic circumstances to make Caldwell the statutory employer under the FLSA. Plaintiff, and others similarly situated, is therefore a covered employee under the FLSA.

43. In many weeks, Plaintiff, and others similarly situated, was required to bear so many business expenses on behalf of his/her employer, including expenses for gas and

vehicle insurance, that his/her pay fell below the minimum wage.

44.     Defendants' failure to pay Plaintiff, and others similarly situated, the minimum wage for all hours worked is a willful violation of the FLSA, since the company's conduct shows that it either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, and others similarly situated, requests the following relief:

(1)  Certify this matter as a collective action, pursuant to 29 U.S.C. § 216(b), and permit Notice to be sent to all other similarly situated drivers of Caldwell Transport Company, LLC so that they may be given an opportunity to join to this proceeding;

(2)  Award Plaintiff and class members damages under 29 U.S.C. §§ 206, 207;

(3)  Award liquidated damages equal to the amount of unpaid back wages, pursuant to 29 U.S.C. § 216(b)'

(4)  Award pre-award interest on the unpaid wages and overtime compensation;

(5)  Award reasonable attorney's fees and costs incurred as a result of Defendants' violation of the FLSA;

(6)  Leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

(7)  Award such additional relief as the Arbitrator deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

Respectfully submitted,

s/Jeff Taylor
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd
Oklahoma City, OK  73118
Telephone:   (405) 286-1600
Telecopy:    (405) 842-6132


And


Harold L. Lichten, pro hac vice anticipated
Matthew Thomson, pro hac vice anticipated
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800
(617) 994-5801 (fax)
hlichten@llrlaw.com
mthomson@llrlaw.com

Counsel for Plaintiff and FLSA Collective