IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD LUCKETT,                    )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )   Case No. CIV-17-934-PRW
                                    )
CALDWELL TRANSPORT                  )
COMPANY, LLC,                       )
TRAVIS ROBBINS,                     )
DAVID BEMIS,                        )
                                    )
            Defendants.             )

**ORDER**

Having fully reviewed Plaintiffs' Unopposed Motion for Approval of FLSA Settlement (Dkt. 70), filed October 7, 2019, the Court hereby makes the following findings conclusions, and orders:

1.      This Court concludes that the Settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions and reflects a reasonable compromise over issues that were actually in dispute, under the FLSA, including Plaintiffs' potential damages (if any) that they are entitled to recover under the FLSA. The proposed Settlement Fund amount of $75,000.00 is fair and reasonable to the Collective Members when balanced against the probable outcome of further litigation in relation to potential decertification of an FLSA collective action, liability issues, damages issues, and potential appeals.

1

2. This Court concludes that significant investigation, formal and informal discovery, research, and litigation have been conducted such that Counsel for the Parties are able to reasonably evaluate their respective positions; settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further pursuit of the litigation; and that the proposed settlement has been reached as the result of intensive, serious and non-collusive negotiations between the Parties and their Counsel, and facilitated by an experienced mediator.

3. This Court concludes that the scope of the release as set forth in the Settlement is reasonable and appropriate.

4. Plaintiffs' Counsel's requests an award of attorney's fees of one-third of the common fund ($25,000.00). Plaintiffs' Counsel also requests an additional amount of actual out-of-pocket expenses ($14,711.43).

5. The Court finds that: 1) Plaintiffs' Counsel's request falls within the range of reasonableness; 2) the fee is justified because Plaintiffs' Counsel took this matter on a contingency fee basis bearing significant risk, and invested substantial time and expense in discovery, briefing various legal issues, two rounds of mediation, three years of litigation, review of substantial data prior to mediation, and continued communication with approximately 45 clients, and 3) the result achieved by Class Counsel for the opt-in Plaintiffs also justifies the fee award sought.

6. The payment of fees to Class Counsel shall be made from the Settlement Fund in accordance with the terms of the Settlement Agreement.

7. This Court also approves and orders payment of a $6,000.00 Service Award to the Named Plaintiff, Richard Luckett, for his services as collective action representative and as consideration for providing a release to Defendants in accordance with the Settlement Agreement. Plaintiff's efforts justify the requested service award. Payment of the Named Plaintiff's Service Award must be made from the Settlement Fund in accordance with the terms of the Settlement Agreement.

8. Pursuant to the terms of the Parties' Settlement Agreement, the first payment under the Settlement Agreement shall begin on or before December 31, 2019, with the second payment paid on or before June 1, 2020.

Based on the findings and conclusions above, **IT IS ORDERED** that Plaintiffs' Unopposed Motion for Approval of FLSA Collective Action Settlement **is hereby GRANTED** and the Settlement Agreement is deemed to be in good faith, fair, reasonable, and adequate.

The Court retains jurisdiction over the parties and the Settlement Agreement for the purposes of enforcing the Settlement Agreement should any controversy arise about the terms of the Settlement Agreement or any party's performance of its obligations under the Settlement Agreement.

**IT IS SO ORDERED this 10th day of October, 2019.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE